# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHARISSE LONDON,<br>        Appellant, | DOCKET NUMBER<br>AT-315H-21-0601-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>        Agency. | DATE: April 22, 2022 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Charisse London</u>, Atlanta, Georgia, pro se.

<u>Andrew Hass</u>, Washington, D.C., for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 In September 2020, the agency appointed the appellant, a preference eligible, to a competitive-service position as a GS-9 Administrative Specialist. Initial Appeal File (IAF), Tab 8 at 21. The agency terminated her in August 2021, prior to the completion of her probationary period, because of unsatisfactory performance. IAF, Tab 3 at 7-10. The termination notice advised the appellant of her options for obtaining review of the agency's decision, including her option to seek corrective action from the Office of Special Counsel (OSC) and to obtain limited review from the Board. *Id.* at 10-11. Nothing in the record suggests the appellant sought corrective action from OSC, and her appeal form does not indicate whether she filed a whistleblowing complaint with OSC. IAF, Tab 1 at 1-3. The Standard Form 50 documenting her appointment shows that she had 1 year and 2 months of creditable military service from 1989-1990. IAF, Tab 3 at 21, Tab 8 at 21.

¶3 The appellant filed this appeal, in which she appeared to allege that the agency wrongfully terminated her in retaliation for speaking with Human Resources staff, her second-line supervisor, and another agency official. IAF, Tab 3 at 44. According to the appellant, the conversations concerned her Unacceptable rating on her 2020 Performance Appraisal and lack of mentorship and support, as well as her request for a reasonable accommodation for her service-connected disability. *Id.* at 20, 39, 44, 49-52, 64, 74-75, 94. The administrative judge notified the appellant of her burden of proof to establish Board jurisdiction over her appeal as an "employee" under chapter 75 or pursuant to Office of Personnel Management (OPM) regulations regarding probationary appointees. IAF, Tab 2 at 1-2, Tab 4 at 1-5. In response, the appellant stated that her Federal service computation date with "military [service] combined" was

June 20, 2019, and resubmitted her appeal form with additional documents relating to the merits of her termination. IAF, Tab 3 at 26, Tab 8 at 21.

¶4 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 9, Initial Decision (ID) at 1, 6. The administrative judge reasoned that the appellant failed to nonfrivolously allege any statutory or regulatory basis for Board jurisdiction over her probationary termination. ID at 3-6.

¶5 The appellant has filed a petition for review of the initial decision, and the agency responded in opposition. Petition for Review (PFR) File, Tabs 1, 3. In her petition for review, the appellant disputes the merits of her termination by resubmitting a copy of a narrative statement appearing in the record below. PFR File, Tab 1 at 4-33; IAF, Tab 3 at 5-6, 18-20, 26-28, 36-39, 43-44, 49-54, 57-61, 74-76, 88-89. She reiterates that she had over 2 years of Federal service because of her military service but does not make any new statements or address the Board's jurisdiction on review. PFR File, Tab 1 at 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

*The administrative judge properly found that the Board lacks jurisdiction under chapter 75 and OPM regulations over the appellant's probationary termination.*

¶6 Generally, in order to qualify for chapter 75 appeal rights, a probationary employee in the competitive service must have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1340-43 (Fed. Cir. 2002). Pursuant to 5 C.F.R. § 752.402, "current continuous service" does not include military service. *Wilder v. Merit Systems Protection Board*, 675 F.3d 1319, 1322-23 (Fed. Cir. 2012). A probationary employee in the competitive service who does not have a statutory right of appeal may nonetheless have a regulatory right of appeal to the Board if she makes a nonfrivolous allegation that the agency terminated her because of

discrimination based on marital status or for partisan political reasons, or because of conditions arising before appointment to the position in question. *Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶ 6 (2005); 5 C.F.R. §§ 315.805-.806. The Board may consider a probationary appointee's claim of discrimination based on disability only if the discrimination is raised in addition to one of these issues. 5 C.F.R. § 315.806(d).

¶7    The administrative judge correctly found that the appellant has failed to show that she was an "employee" with a statutory right to appeal her termination because she was serving a probationary period and had less than 1 year of current continuous service. ID at 3-5. The appellant did not claim below, and has not raised on review, that she had any prior Federal civilian service. IAF, Tabs 1, 3; PFR File, Tab 1. We note that the appellant had over 1 year of prior military service. IAF, Tab 3 at 21. Such military service, however, may not be tacked onto her current service to bring her appeal within the Board's jurisdiction. *Wilder*, 675 F.3d at 1322-23. Even if it could, the appellant's military service occurred 30 years before her entry into Federal civilian service and is too remote in time to be tacked for service computation purposes. IAF, Tab 3 at 21; *see Claiborne v. Department of Veterans Affairs*, 118 M.S.P.R. 491, ¶ 6 (2012) (explaining that prior service may only be tacked onto a competitive service probationary appointment to meet the 1-year "current continuous service" requirement when the break between the two periods was less than a workday).

¶8    The administrative judge also correctly found that the appellant did not have a right to appeal her probationary termination to the Board under OPM regulations because she did not allege that her termination was based on conditions arising before her appointment, was the result of marital status discrimination, or was for partisan political reasons. ID at 5; 5 C.F.R. § 315.806(a)-(c). The parties have not disputed this finding on review, and we discern no reason to disturb it.

<u>We remand for further proceedings because the appellant did not receive explicit notice of what is required to establish Board jurisdiction based on her allegations.</u>

¶9        We find that the instant appeal needs to be remanded for further proceedings under 5 U.S.C. § 7701, because it appears that the appellant may be attempting to raise an individual right of action (IRA) appeal under the Whistleblower Protection Enhancement Act of 2012 or a discrimination claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).[2]

¶10       An appellant must receive explicit information on what is required to establish Board jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Burwell v. Department of the Army*, 78 M.S.P.R. 645, ¶¶ 8-9 (1998) (remanding an appeal due to the administrative judge's failure to advise the appellant what was required to establish Board jurisdiction over an IRA appeal). The administrative judge's orders, initial decision, and agency's submissions did not provide the appellant with notice on the jurisdictional requirements of an IRA appeal. IAF, Tabs 2, 4, 8-9; ID at 1-6; *see Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings or the initial decision contain the notice that was otherwise lacking). Although her appeal form does not indicate whether she filed a whistleblowing complaint with OSC, the appellant alleged that the agency retaliated against her after she spoke with Human Resources staff, her second-line supervisor, and another agency official concerning, among other issues, her concerns about a lack of mentoring and her Unacceptable performance appraisal. IAF, Tab 1, Tab 3 at 44, 49-52, 64, 74-75.

---

[2] The Board's jurisdiction over a USERRA claim is not dependent on an appellant invoking USERRA. *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1485 (Fed. Cir. 1998). USERRA claims are broadly and liberally construed. *Tindall v. Department of the Army*, 84 M.S.P.R. 230, ¶¶ 6-7 (1999).

¶11 The appellant needs to be advised that to establish Board jurisdiction over an IRA appeal, she must show that she exhausted her administrative remedies before OSC and make nonfrivolous allegations of the following: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Because the appellant was not so informed, it is necessary to remand this appeal to the regional office to provide her with an adequate opportunity to establish jurisdiction. *Burwell*, 78 M.S.P.R. 645, ¶ 9.

¶12 Regarding her possible USERRA claim, the appellant stated that she is a disabled veteran with a 30 percent service-connected disability and that the agency discriminated against her due to her service-connected disability. IAF, Tab 3 at 20-21, 26. If the fact that the appellant incurred the injury during military service is incidental to her claim of disability discrimination, then it does not, on its own, make her claim a USERRA claim. *McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 415 (1998). Conversely, if the appellant is alleging the agency's actions, culminating in and including her termination, were motivated by her status as a disabled veteran, the Board may have jurisdiction over her claim. *Lazard v. U.S. Postal Service*, 93 M.S.P.R. 337, ¶ 8 (2003). Neither the administrative judge nor the agency's submissions provided the appellant with notice on the jurisdictional requirements of a USERRA claim. IAF, Tabs 2, 4, 8-9.

¶13 Therefore, the appellant also needs to be advised that to establish Board jurisdiction over a USERRA discrimination claim under 38 U.S.C. § 4311(a), she must nonfrivolously allege that: (1) she performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied

her initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the performance of duty or obligation to perform duty in the uniformed service was a substantial or motivating factor in the denial. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 11 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017); *see Bryant*, 878 F.3d at 1325-26 (articulating the "substantial or motivating factor" standard) (citation omitted).

## ORDER

¶14     For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order. The administrative judge may adopt his prior findings regarding the Board's lack of jurisdiction over the appellant's termination under chapter 75 and 5 C.F.R. §§ 315.805-.806 in his remand initial decision.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.