## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATTHEW FEEHAN,
            Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
            Agency.

DOCKET NUMBER
PH-3443-22-0265-I-1

DATE: May 3, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matthew Feehan</u>, Jacksonville, North Carolina, pro se.

<u>Paul Kranick</u>, Esquire, Coatesville, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal challenging the termination of his temporary appointment.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify and supplement the administrative judge's analysis of the appellant's status under 5 U.S.C. § 7511(a)(1)(A), we AFFIRM the initial decision. However, we FORWARD the appellant's whistleblower reprisal claim to the Northeastern Regional Office for docketing as a new individual right of action (IRA) appeal.

## BACKGROUND

Effective June 21, 2022, the appellant, a preference-eligible veteran, received a provisional appointment not to exceed June 20, 2023, to the competitive service position of GS-0341-11 Administrative Officer in the Primary Care Unit at the VA Central Western Massachusetts Healthcare System (CWM HCS) in Leeds, Massachusetts. Initial Appeal File (IAF), Tab 1 at 7. The Standard Form (SF) 50 memorializing the appointment stated that it was made under the legal authority of "Reg 316.402(b)(4)." *Id.*

On June 29, 2022, the appellant sent an email that he classified as a disruptive behavior report to the Director of CWM HCS complaining about ongoing problems that he was having with his direct supervisor and stating that he "require[d] a change." IAF, Tab 9 at 41. Among other things, he alleged that his supervisor made inappropriate comments during a disagreement, asked for a

welfare check on him when he failed to show up for work, and failed to secure him a chair with neck support as a reasonable accommodation. *Id.* at 41-42. On or about that same day, the agency temporarily reassigned the appellant while it reviewed his allegations. *Id.* at 13. A few days later, the appellant submitted additional allegations, including that his former direct supervisor had violated the Health Insurance Portability and Accountability Act (HIPAA) by accessing his protected health information when she coordinated the welfare check on him. *Id.* at 34. On July 6, 2022, the appellant filed a privacy complaint with the agency's privacy officer alleging that the agency violated his rights under HIPAA on multiple occasions. IAF, Tab 1 at 5, 8. By email dated July 7, 2022, the office of the Director notified the appellant that it had not been able to "substantiate any policy violations" and informed him that he was being returned to his position of hire under his former direct supervisor and offered mediation in addition to addressing his other concerns. *Id.* at 9.

The appellant filed the instant appeal with the Board that same day. *Id.* at 1. He alleged that the agency prematurely closed an open investigation into suspected HIPAA violations and that "the VA [was] railroading [him] into a position without any consideration of the law and in retaliation for [his] reporting of the suspected HIPAA violation." *Id.* at 5. The administrative judge issued a general acknowledgement order informing the appellant that the Board may not have jurisdiction over his appeal and ordering him to file evidence and argument as to jurisdiction. IAF, Tab 2 at 2-4. The appellant responded, reasserting that the agency had retaliated against him for his privacy and disruptive behavior complaints when it reassigned him back to his original supervisor. IAF, Tab 3. The appellant subsequently notified the administrative judge that, by letter dated July 11, 2022, the agency informed him that it was terminating his temporary appointment effective July 24, 2022, due to his interacting with staff in a manner that was disrespectful and not in accordance with the agency's values. IAF, Tab 5 at 3, Tab 6 at 4, 8. Thereafter, the agency filed a motion to dismiss the

appeal for lack of jurisdiction, arguing that the appellant was a probationary employee and not an "employee" under 5 U.S.C. § 7511(a)(1), and that he did not allege grounds for jurisdiction under Office of Personnel Management regulations providing limited appeal rights for probationary employees. IAF, Tab 7. The appellant replied, arguing that he had alleged discrimination based on his marital status and for partisan political reasons. IAF, Tab 8.

Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1, 5. The administrative judge found that, based on the language of 5 C.F.R. § 316.402(b)(4), the legal authority cited for the appellant's provisional appointment, and Board caselaw, the appellant was not serving a probationary or trial period when his appointment was terminated and thus the regulations providing probationary employees with limited appeal rights were not applicable. ID at 4. She then concluded that the appellant did not meet the definition of an "employee" with Board appeal rights and that, in the absence of an otherwise appealable matter, the Board did not have jurisdiction over his claim of retaliation for engaging in protected activity. ID at 4-5.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He makes several arguments, including that the administrative judge made errors of law, erred in admitting late filings and ignoring his motion for sanctions, and omitted material facts from her statement of the case. *Id.* at 4-14. The agency has filed a response. PFR File, Tab 3. The appellant has filed a reply. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the Board lacks jurisdiction over the termination of the appellant's temporary appointment.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have

jurisdiction over all matters involving a Federal employee that are allegedly unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). Whether an individual in the competitive service has the right to appeal an adverse action depends on whether he is an "employee" under 5 U.S.C. § 7511(a)(1)(A). *See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). Title 5 U.S.C. § 7511(a)(1)(A) defines an "employee" as an individual in the competitive service who (i) is not serving a probationary or trial period under an initial appointment, or (ii) has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A). The two prongs of the statutory definition are distinct and provide alternatives by which an individual may be found to be an employee with appeal rights. *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342-43 (Fed. Cir. 2002). However, a temporary appointee who lacks the requisite length of service to satisfy subsection (A)(ii) does not have adverse action appeal rights merely because he meets the literal terms of subsection (A)(i); the Board has consistently held that a temporary appointee is an "employee" with appeal rights under 5 U.S.C. § 7511(a)(1) only if at the time of the action he had 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. *Johnson v. Department of Veterans Affairs*, 99 M.S.P.R. 362, ¶¶ 4-7 (2005). Probationary employees in the competitive service who do not satisfy either definition may nevertheless have the right to appeal a termination to the Board under 5 C.F.R. §§ 315.805-.806 by showing that the termination was based on marital status or partisan political reasons, or that the action was procedurally improper. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 10 (2010).

If the appellant in an adverse action appeal makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a

preponderance of the evidence.[2]  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).  Before dismissing an appeal for lack of jurisdiction, an administrative judge must provide an appellant with explicit information on what is required to establish an appealable jurisdictional issue and an opportunity to meet that burden.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

Here, the appellant's SF-50 states that his provisional appointment was made under 5 C.F.R. § 316.402(b)(4).  IAF, Tab 1 at 7.  Title 5 C.F.R. part 316, subpart D is entitled "Temporary Limited Employment," and the cited provision provides procedures for making noncompetitive temporary appointments for veterans with compensable service-connected disabilities of 30 percent or more.  5 C.F.R. § 316.402(b)(4).  As the administrative judge correctly stated in the initial decision, the Board held in *Tschumy v. Department of Defense*, 104 M.S.P.R. 488, ¶ 14 (2007), that there is nothing in the Board's regulations or elsewhere that requires individuals appointed under 5 C.F.R. part 316, subpart D to serve a probationary period or a trial period.  ID at 4.  As such, we agree with her that the appellant was not serving a probationary or trial period when his appointment was terminated and that the regulations providing limited appeal rights for probationary employees, and the appellant's arguments on this point, are inapplicable and immaterial.  ID at 4; IAF, Tab 8; PFR File, Tab 1 at 11.  The appellant's bare assertion on review that the administrative judge erroneously relied on *Tschumy* is unavailing.  PFR File, Tab 1 at 10.

We also agree with the administrative judge's conclusion that the appellant failed to nonfrivolously allege that he is an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(A).  ID at 3-5.  Because the administrative judge did

---

[2] The appellant argues on review that the administrative judge improperly flipped the burden of proof from nonfrivolous to a preponderance of the evidence standard.  PFR File, Tab 1 at 13.  This assertion is without merit, however, as the administrative judge clearly applied the nonfrivolous standard in concluding that the appellant "failed to assert a nonfrivolous allegation of Board jurisdiction over his appeal."  ID at 3, 5.

not make clear findings as to 5 U.S.C. § 7511(a)(1)(A)(i) and (ii), however, we supplement her analysis herein. ID at 4. In this case, although the appellant may meet the literal terms of 5 U.S.C. § 7511(a)(1)(A)(i) because, as discussed above, he was not serving a probationary or trial period under an initial appointment at the time of his separation, he failed to nonfrivolously allege that he had completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less, which is dispositive. *See Johnson*, 99 M.S.P.R. 362, ¶¶ 4-7. The appellant's appointment SF-50 expressly states that the appointment was "temporary" and not to exceed June 20, 2023. IAF, Tab 1 at 7. The appointment was made under 5 C.F.R. § 316.402(b)(4), and appointments made under this subpart are generally not made for more than 1 year. *Id.*; 5 C.F.R. § 316.401(c). Although the appellant's appointment SF-50 stated that the appellant would be "eligible for conversion to career-conditional [appointment] one pay period after [his enter on duty] date," both the SF-52 requesting the termination of his appointment and the agency's termination letter refer to his appointment as "temporary." IAF, Tab 1 at 7, Tab 6 at 8, Tab 9 at 9. Further, we note for argument's sake that there is no evidence in the record indicating that the appellant had service under prior appointments that could count toward the completion of the year of current continuous service sufficient to bring him within the definition of an "employee."[3] *See Tschumy*, 104 M.S.P.R.

_____

[3] The appellant stated on his initial appeal form that he had 4 years of Government service; however, there is no documentation in the record to support this. IAF, Tab 1 at 1. The appellant's appointment SF-50 lists his service computation date as April 20, 2020, but this appears to account for a notation that states that the appellant had 2 years, 1 month, and 29 days of creditable military service. *Id.* at 7. "Current continuous service" does not include military service. *Wilder v. Merit Systems Protection Board*, 675 F.3d 1319, 1322-23 (Fed. Cir. 2012). The record also contains the appellant's SF-144 Statement of Prior Federal Service in which he indicates that his resume lists all of his Federal civilian service. IAF, Tab 9 at 47. The appellant's resume reflects that he worked for the Department of Justice as a Summer Law Intern from April 2018, until August 2018, and as a Law Clerk from September 2019, until October 2019. *Id.* at 49-50. However, the Board has held that, for competitive service employees, "current continuous service" means a period of employment or service immediately preceding an adverse action without a break in Federal civilian

488, ¶ 9 n.4. Accordingly, at the time of his separation, the appellant had not completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. He was therefore not an "employee" under 5 U.S.C. § 7511 with appeal rights to the Board, and the administrative judge properly found that the Board lacks jurisdiction over the termination of his temporary appointment. ID at 5.

On review, the appellant claims that the administrative judge failed to properly notify him of what he had to do to establish that he was an "employee" with Board appeal rights. PFR File, Tab 1 at 13-14. As noted above, an appellant must receive explicit information on what is required to establish Board jurisdiction before his claim is dismissed for lack of jurisdiction. *Burgess*, 758 F.2d at 643-44. However, an administrative judge's failure to provide an appellant with a proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was otherwise lacking, or if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his burden on petition for review. *Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009). Here, the administrative judge did not issue a jurisdictional or other order meeting the *Burgess* requirements. However, the agency's motion to dismiss asserted that the Board lacked jurisdiction over the appeal and adequately discussed how to establish "employee" status under 5 U.S.C. § 7511. IAF, Tab 7. The appellant responded to the agency's motion but did not discuss 5 U.S.C. § 7511(a)(1)(A)(i) or (ii). IAF, Tab 8. Further, the initial decision restated these requirements, albeit briefly, and properly notified the appellant of the legal authority cited for his temporary appointment and that the regulations providing probationary employees with limited appeal rights were not applicable to him. ID at 3-4. The appellant

---

employment of a workday. *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005); *see* 5 C.F.R. § 752.402.

was therefore placed on notice of the chapter 75 jurisdictional question in this case and provided an opportunity to address the issue.

<u>We forward the appellant's whistleblower reprisal claim for further proceedings because the appellant did not receive explicit notice of what is required to establish Board jurisdiction.</u>

Although we find that the appellant received adequate notice of what was required to establish Board jurisdiction under 5 U.S.C. chapter 75, we find that the instant appeal needs to be forwarded to the regional office for further proceedings based on the appellant's whistleblower retaliation claim. As discussed above, on his initial appeal form, although the appellant indicated that he did not file a whistleblowing complaint with the Office of Special Counsel (OSC), he alleged that the agency reassigned him back to his original supervisor "in retaliation for [his] reporting of the suspected HIPAA violation." IAF, Tab 1 at 4-5. He reiterated that claim in detail in his jurisdictional response, indicating that he made a protected disclosure under 5 U.S.C. § 2302(b)(8), and he has renewed this claim on review. IAF, Tab 3 at 5-6; PFR File, Tab 1 at 11-12. As the administrative judge noted in her initial decision, the Board lacks jurisdiction over a whistleblower reprisal claim raised as an affirmative defense unless it is raised in connection with an otherwise appealable action.[4] ID at 5; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). The appellant has not shown that the Board has jurisdiction over the termination of his temporary appointment for the reasons discussed above, and the Board therefore lacks jurisdiction over the appellant's whistleblower reprisal claims in that context.

Nevertheless, the Board may consider the appellant's whistleblower reprisal claim in an IRA appeal if he satisfies the jurisdictional requirements. *See*

---

[4] For this reason, the Board lacks jurisdiction over the appellant's claim that the agency terminated him because of his disabilities. PFR File, Tab 1 at 11; IAF, Tab 6 at 5.

*Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶¶ 13-14 (2007) (finding that, although the Board lacked jurisdiction over the appellant's resignation as an otherwise appealable action, the Board would consider any whistleblower reprisal claims that satisfied the jurisdictional requirements of an IRA appeal). However, the administrative judge did not notify the appellant of the jurisdictional requirements for an IRA appeal in her acknowledgement order or in the initial decision, and neither the agency's motion to dismiss nor its other filings cured that defect. IAF, Tab 2, Tab 7; *see Burgess*, 758 F.2d at 643-44; *Harris*, 112 M.S.P.R. 186, ¶ 9. The appellant needs to be advised that to establish Board jurisdiction over an IRA appeal, he must show that he exhausted his administrative remedies before OSC and make nonfrivolous allegations of the following: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b) (8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Because the appellant was not so informed, it is necessary to FORWARD his whistleblower retaliation allegation to the Board's Northeastern Regional Office for docketing as an IRA appeal and for further adjudication in accordance with this Final Order.[5]

---

[5] We have considered the appellant's remaining arguments, including his claims that the administrative judge improperly ignored his motion for sanctions, improperly relied on the late-filed agency file, erroneously omitted material facts from her statement of the case, and his suggestion that the administrative judge was biased towards the agency. PFR File, Tab 1 at 4-14. However, we find that these arguments do not present a basis for granting the appellant's petition for review. *See* 5 C.F.R. § 1201.115.

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                   _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.