# United States Court of Appeals for the Federal Circuit

---

**CHESTER A. WILDER, JR.,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3105

---

Petition for review of the Merit Systems Protection Board in Case No. AT315H100987-I-1.

---

Decided: April 9, 2012

---

BRANDON O. MOULARD, Melville Johnson, P.C., of Atlanta, Georgia, argued for petitioner.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

_____

Before BRYSON, DYK, and MOORE, *Circuit Judges*.

BRYSON, *Circuit Judge*.

Chester A. Wilder, Jr., served for 26 years in the United States Army. Following his discharge in 2009, he began working in a civil service position as a maintenance management specialist for the Department of the Navy. At the time he was hired, he was advised that his appointment was subject to completion of a one-year initial probationary period beginning on August 31, 2009. Mr. Wilder had no previous federal civilian service.

On August 3, 2010, prior to the expiration of the one-year probationary period, the agency notified Mr. Wilder that he would be terminated from his position effective August 9, 2010. In the letter advising Mr. Wilder of his termination, the agency stated that he was being removed for unacceptable performance.

Mr. Wilder sought to appeal his removal to the Merit Systems Protection Board. The administrative judge who was assigned to his case found that Mr. Wilder was in his first year of federal civilian service and was serving a probationary term at the time of his removal; based on those findings, the administrative judge held that Mr. Wilder had no statutory right of appeal to the Board. The administrative judge explained that because Mr. Wilder was a probationary employee, his rights before the Board were limited to those defined by regulations promulgated by the Office of Personnel Management ("OPM"). Those regulations provide that probationary employees who are terminated for post-appointment reasons can appeal adverse agency actions to the Board only if the termination was based on partisan political reasons or was the

result of discrimination because of marital status.  5 C.F.R. § 315.806(b).  Because Mr. Wilder did not assert either of those grounds as the reason for his removal, the administrative judge ruled that the Board lacked jurisdiction over his case and therefore dismissed the appeal.

Mr. Wilder petitioned for review to the full Board.  In his petition, he contended that he was entitled to credit for a portion of his military service in determining whether he had completed a year of current continuous service and therefore qualified as an "employee" within the meaning of 5 U.S.C. § 7511(a)(1).  If he qualified as an employee for purposes of section 7511, he argued, he was entitled to the procedural benefits of 5 U.S.C. § 7513, including the right to Board review of his removal, *see id.* §§ 7512, 7513(d).  The Board noted that Mr. Wilder had not raised that issue before the administrative judge, but it nonetheless addressed, and rejected, his claim that his military service should count toward completion of the one-year period of continuous service that he needed to qualify for Board review.

The Board explained that the statute that defines an "employee," for purposes of determining whether an individual in the competitive service may appeal an adverse action to the Board, requires that the individual have completed "1 year of current continuous service under other than a temporary appointment limited to 1 year or less."  5 U.S.C. § 7511(a)(1)(A).  Citing prior Board precedent, *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580 (2004), and OPM regulations, 5 C.F.R. §§ 315.802(b) and 752.402, the Board held that Mr. Wilder's "prior military service cannot be tacked on to his service with the agency to meet the statutory '1 year of current continuous service' requirement for the right to appeal an adverse action to the Board."  Because there

was no factual dispute bearing on the issue of jurisdiction, the Board held that the administrative judge had correctly decided the appeal on the written record.

I

On appeal to this court, Mr. Wilder continues to press his argument that he qualifies as an employee within the meaning of 5 U.S.C. § 7511(a)(1)(A), because he is entitled to add a portion of his previous military service to his period of civilian service. For that reason, he contends that he satisfies the requirement of having "1 year of current continuous service under other than a temporary appointment limited to 1 year or less." As a statutory employee, he argues, he is entitled to a full right of appeal to the Board from his removal. Like the Board, we reject that contention.

Section 7511 defines the term "employee" for purposes of the provisions that give the Board jurisdiction over adverse action appeals by federal employees. The statute does not, however, specifically address the issue presented in this case. The portion of the statute that applies to individuals in the competitive service reads as follows:

> (a) For the purpose of this subchapter—
>> (1) "employee" means—
>>> (A) an individual in the competitive service—
>>>> (i) who is not serving a probationary or trial period under an initial appointment; or
>>>> (ii) who has completed 1 year of current continuous service under other than a tempo-

> rary appointment limited to 1
> year or less . . . .

Nowhere in the statute is the phrase "1 year of current continuous service" defined. Nor does the legislative history of the statute provide dispositive guidance as to whether the phrase "current continuous service" includes prior military service. *See* S. Rep. No. 95-969, at 48 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2770 (Civil Service Reform Act of 1978); H.R. Rep. No. 101-328, at 6 (1989), *reprinted in* 1990 U.S.C.C.A.N. 695, 700 (Civil Service Due Process Amendments Act of 1990). However, the OPM regulations that implement and interpret section 7511 directly address that issue. In particular, 5 C.F.R. § 752.402 defines the term "current continuous employment" to mean "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday."[1] That regulatory language plainly requires that both the present employment and the prior employment be "Federal civilian employment" in order for the period of employment to qualify as a period of "current continuous service."

Because Congress authorized OPM to prescribe regulations to carry out the subchapter of the Civil Service Reform Act that includes section 7511, *see* 5 U.S.C. § 7514, and because OPM promulgated section 752.402 pursuant to notice and comment procedures, this is a

---

[1] Section 7511, like the regulation, previously referred to "current continuous employment." The phrase "current continuous employment" in the statute was changed in 1990 to "current continuous service," but the language of the regulation was left unchanged. There is no suggestion, however, that the regulatory definition does not apply to the statutory phrase "current continuous service."

classic case for the application of the principles of *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See United States v. Mead Corp.*, 533 U.S. 218, 229-31 (2001); *Carrow v. Merit Sys. Prot. Bd.*, 564 F.3d 1359, 1365 (Fed. Cir. 2009). The familiar *Chevron* analysis first requires that we determine "whether Congress has directly spoken to the precise question at issue"; if so, we "must give effect to the unambiguously expressed intent of Congress." 467 U.S. at 842-43. If, however, "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. In that setting, the agency's interpretation of a statutory term "governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts." *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009).

With respect to the first part of the *Chevron* analysis, we conclude that section 7511 is ambiguous as to whether "current continuous service" refers only to federal civilian service or whether it can include prior military service as well. The statute does not explicitly limit "service" to federal civilian service, but neither does it define "service," as used in section 7511, to include military service.

With respect to the second part of the *Chevron* analysis, we conclude that the OPM regulation defining "current continuous service" as limited to "Federal civilian employment" embodies a reasonable interpretation of the statute. The Civil Service Reform Act is directed, as its name suggests, to federal civilian service. Military service is governed by a wholly different statutory scheme, principally lodged in title 10 of the United States Code. Section 2101 of title 5 reinforces that distinction, as it

characterizes the "civil service" as all appointive positions in the three branches of government "except positions in the uniformed services," i.e., the armed forces and the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration. 5 U.S.C. § 2101(1), (3). When Congress intended for military service to have some bearing on the rights of employees under the Civil Service Reform Act, it made explicit reference to military service as distinguished from the civilian service to which the statute is principally directed. *See, e.g.*, 5 U.S.C. §§ 8332-8339 (provisions relating to eligibility for retirement and computation of retirement annuities); *see also* 10 U.S.C. § 10216(a) (expressly granting civilian employee status to dual status military technicians). The OPM regulatory definition of "current continuous service," which refers to federal civilian employment and thereby excludes service in the uniformed services, is thus both reasonable and not inconsistent with the statute. Accordingly, it is entitled to deference.

Applying the definitional provision of the regulation, it is clear that Mr. Wilder does not have one year of current continuous service. His only federal civilian service is in the position from which he was removed after serving only 11 months. He has therefore failed to show that he is an "employee" who has the statutory right to appeal his removal action to the Merit Systems Protection Board. In sum, the Board correctly held that military service does not qualify as "service" for purposes of the "current continuous service" requirement of section 7511.

II

Mr. Wilder makes the additional argument that he was terminated for pre-appointment reasons and that

OPM regulations therefore give him the right to appeal based on procedural objections to his removal. *See* 5 C.F.R. § 315.805 (providing that when a probationary employee is removed for reasons based in whole or in part on conditions arising before his appointment, the agency must provide certain procedural rights to the employee). In fact, however, Mr. Wilder did not assert before the Board that he was removed for reasons based on conditions arising before his appointment. Rather, the agency's reasons for removing him were based on his performance in the position, and Mr. Wilder has not previously claimed otherwise.

In his brief, Mr. Wilder alludes to the statement he made in his Board appeal that "I feel that race informed the decision to terminate me." But that assertion falls far short of a claim that he was removed because of conditions arising before his appointment. Moreover, Mr. Wilder did not argue, either before the administrative judge or in his petition for review to the Board, that he was removed for pre-appointment reasons. He may not raise that argument for the first time in this court. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998); *Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985); *Meglio v. Merit Sys. Prot. Bd.*, 758 F.2d 1576, 1577 (Fed. Cir. 1984).

To the extent that Mr. Wilder's allusion to racial animus in his Board appeal was meant as a claim that his removal was the product of discrimination based on race, that claim was not within the Board's jurisdiction. A claim of racial discrimination falls within the Board's jurisdiction only if the Board otherwise has jurisdiction over the agency's adverse action. *See Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (en banc); *see also Collins v. Merit Sys. Prot. Bd.*, 978 F.2d 675, 678-

79 (Fed. Cir. 1992); *Granado v. Dep't of Justice*, 721 F.2d 804, 806-07 (Fed. Cir. 1983). In this case, as we have explained, the Board did not have jurisdiction to review the agency's removal action because (1) Mr. Wilder was a probationary employee with less than one year of current continuous service, and (2) he did not allege that his termination was based on reasons arising before his appointment or that it was the product of discrimination based on partisan political reasons or marital status. *See* 5 C.F.R. § 315.806(d) ("An appeal alleging a discriminatory termination may be filed under this subsection only if such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c) of this section."). Because the Board did not otherwise have jurisdiction over Mr. Wilder's removal action, it did not have jurisdiction to address his assertion that his removal was the product of racial discrimination.

No costs.

**AFFIRMED**