**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RODERICK JOHNSON, | DOCKET NUMBER |
| Appellant, | DE-315H-19-0260-I-1 |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, | DATE: July 2, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Roderick Johnson, Albuquerque, New Mexico, pro se.

Angeline S. Reese, Baltimore, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis, and to specifically find that the appellant is not an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(A)(i) or (ii), we AFFIRM the initial decision.

## BACKGROUND

On August 16, 2009, the appellant received a career-conditional appointment to the competitive service position of Customer Service Representative (CSR); this appointment was subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 5 at 19. Effective May 26, 2017, the appellant resigned from the position. *Id.* at 20. On July 8, 2018, the agency selected the appellant for another CSR position; this appointment was also subject to a 1-year probationary period. *Id.* at 21-22. Effective April 18, 2019, the agency terminated the appellant, for post-appointment reasons, during his probationary period. IAF, Tab 1 at 51-53, Tab 5 at 24.

The appellant appealed the termination to the Board. IAF, Tab 1. He did not request a hearing. *Id.* at 2. The administrative judge issued an order informing him of his burden to establish the Board's jurisdiction and directing him to file evidence and argument to prove that his appeal was within the Board's jurisdiction. IAF, Tab 3. The appellant responded that he was not required to

serve a second probationary period because he had completed a probationary period and met the service requirement for career tenure during his first appointment; thus, he was eligible for reinstatement to the CSR position for his second appointment.  IAF, Tab 5 at 28, Tab 9 at 4-5.  The agency moved to dismiss the appeal for lack of jurisdiction, arguing, among other things, that even if the appellant was eligible for reinstatement, the agency was not required to reinstate him.  IAF, Tab 8 at 4-11.  The agency explained that, because the appellant was appointed to the CSR position in July 2018 from a competitive list of eligible candidates, he was required to complete a probationary period, which he failed to do. *Id.* at 8-9.

The administrative judge issued a decision dismissing the appeal for lack of jurisdiction, finding that the appellant was not an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(A) and that he had not alleged any basis for review under 5 C.F.R. § 315.806(b).  IAF, Tab 10, Initial Decision (ID) at 2-3.  In reaching this determination, the administrative judge noted that the agency appointed the appellant to his position from a competitive list of eligible candidates, rather than by noncompetitive reinstatement, and that it had properly exercised its managerial discretion in doing so.  ID at 3.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He argues that he completed his probationary period during his first appointment, he has career tenure, and the agency violated his rights, committed a prohibited personnel practice, discriminated against him based on race, sex, and religion, and retaliated against him due to prior equal employment opportunity activity when it did not reinstate him.  *Id.* at 4-7.  The agency has opposed the appellant's petition for review.  PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

To establish Board jurisdiction under chapter 75, an individual must, among other things, show that he meets the definition of "employee" set forth in

5 U.S.C. § 7511(a)(1)(A).  5 U.S.C. § 7513(d); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).  For an individual in the competitive service, such as the appellant, this means that (i) he is not serving a probationary or trial period under an initial appointment, or (ii) he has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  5 U.S.C. § 7511(a)(1)(A); *Walker,* 119 M.S.P.R. 391, ¶ 5.  As explained below, the appellant was not an "employee" under either prong of 5 U.S.C. § 7511(a)(1)(A).

The appellant was not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i).

The gravamen of the appellant's arguments on review is that the agency improperly imposed on him a second probationary period because he was eligible to be noncompetitively reinstated pursuant to 5 C.F.R. § 315.401.[2]  PFR File, Tab 1 at 4-7.  We find that, notwithstanding the appellant's apparent eligibility for reinstatement, the agency was not required to—nor did it—reinstate him to the CSR position in July 2018.  Thus, the appellant had to serve a probationary period.  Because he did not complete his probationary period for the July 2018 appointment, he is not an employee under 5 U.S.C. § 7511(a)(1)(A)(i).

The appellant asserts on review that he completed the 3-year creditable service requirement for career tenure described in 5 C.F.R. § 315.201(a)-(b) and that his satisfaction of this service requirement should count toward the completion of his probationary period for his July 2018 appointment.  *Id.* at 4-5.  However, the service requirement for career tenure in 5 C.F.R. § 315.201(a)-(b) is not relevant to whether the appellant is an employee with chapter 75 appeal rights under 5 U.S.C. § 7511(a)(1)(A)(i).

The appellant also asserts he was not required to serve a probationary period for his July 2018 appointment because his earlier appointment satisfied the

[2]  Pursuant to 5 C.F.R. § 315.401(a), an agency *may* appoint by reinstatement to a competitive service position a person who previously was employed under career or career-conditional appointment (or equivalent).

criteria of 5 C.F.R. §§ 315.201(c)(4)[3] and 315.801(a)(2). *Id.* at 6. The regulation at 5 C.F.R. § 315.201(c)(4) states that the service requirement for career tenure does not apply to the reinstatement of a person who once completed the service requirement for career tenure. Pursuant to 5 C.F.R. § 315.801(a)(2), the first year of service of an employee who is given a career or career-conditional appointment in the competitive service is a probationary period when the employee was reinstated under subpart D (5 C.F.R. §§ 315.401-.403), unless during any period of service that affords a current basis for reinstatement, the employee completed a probationary period or served with competitive status under an appointment that did not require a probationary period. In essence, these arguments boil down to whether the appellant was appointed from a competitive list of eligibles or whether he was reinstated in July 2018. We must therefore determine the nature of the appellant's July 2018 appointment.

It is undisputed that, at the time of his July 2018 appointment, the appellant was eligible to be reinstated under 5 C.F.R. § 315.401. PFR File, Tab 1 at 5, Tab 3 at 6. It does not appear from the evidence in the record, however, that he was actually appointed under this legal authority. A review of the appointing SF-50 is instructive.

According to the Office of Personnel Management (OPM) Guide to Processing Personnel Actions, if the appointment is based on a certificate issued from a civil service register maintained by an agency with a delegation of competitive examining authority from OPM or special examining unit authorized by OPM, the person is not on the agency's rolls, and the appointment is career, the nature of action code is "100," the nature of action is "career appt [sic]," the authority code is "BWA," and the authority is "OPM DE Agr (enter#)." OPM, Guide to Processing Personnel Actions, Chapter 9, Table 9-A, Rule 15, at 9-11, https://www.opm.gov/policy-data-oversight/data-analysis-documentation/

---

[3] Although the appellant cited 5 C.F.R. § 315.201(H)(c)(4) throughout his petition for review, PFR File, Tab 4 at 4-6, we believe that he is referring to 5 C.F.R. § 315.201(c)(4), which discusses the exception to the service requirement for career tenure.

personnel-documentation/processing-personnel-actions/gppa09.pdf (last visited July 1, 2024). The appellant's appointing SF-50 for his July 2018 appointment contained these codes and authorities as well as a notation that he was selected from "CERT 20180616-CAKE-001"; thus, the SF-50 reflects that he was appointed from a competitive list of eligibles. IAF, Tab 5 at 21. The SF-50 also expressly stated that the appellant was required to complete a 1-year probationary period, *id.* at 22, and the administrative judge noted below that the appellant was notified of the same at the time he was rehired, IAF, Tab 7 at 1. Although "the SF–50 is not a legally operative document controlling on its face an employee's status and rights," it still can be considered as evidence when determining the nature of an action. *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984). In addition to the appointing SF-50, the vacancy announcement for the CSR position listed as a requirement that the selectees, among which the appellant was included, complete a 1-year probationary period. IAF, Tab 1 at 34. Based on this evidence, the administrative judge properly found that the agency exercised its discretion to appoint the appellant to the CSR position in July 2018 from a competitive list of eligibles and not by reinstatement.[4] ID at 2-3.

The appellant cites to *Abdullah v. Department of the Treasury*, 113 M.S.P.R. 99 (2009), for the proposition that his appeal should be remanded for the administrative judge to resolve whether he was a "career employee" with adverse action appeals rights pursuant to 5 U.S.C. § 7511(a)(1)(A). PFR File, Tab 1 at 7. The appellant's reliance on *Abdullah* is misplaced. Importantly, the

---

[4] The appellant takes issue with the fact that the agency opted not to reinstate him under 5 C.F.R. § 315.401. PFR File, Tab 1 at 6-7. However, as discussed herein, the plain language of 5 C.F.R. § 315.401 is permissive rather than mandatory. *See, e.g.*, *Rhinehart v. Department of Health, Education, and Welfare, Social Security Administration, Office of Hearings and Appeals*, 4 M.S.P.R. 104, 105 (1980) (noting that an agency has discretion to determine whether it will appoint the appellant from a competitive list of eligibles or by noncompetitive reinstatement). Moreover, the Board lacks jurisdiction over an agency's decision not to reinstate an employee under 5 C.F.R. § 315.401. *See Hipona v. Department of the Army*, 39 M.S.P.R. 522, 525 (1989) (finding that 5 C.F.R. § 315.401 does not provide the Board with jurisdiction over an agency's alleged denial of reinstatement rights under that section).

appellant incorrectly states that the Board found that Mr. Abdullah was an "employee" with chapter 75 appeal rights. *Id.* To the contrary, the Board remanded the probationary termination appeal because the issue of whether Mr. Abdullah was an employee under 5 U.S.C. § 7511(a)(1)(A)(i) was not addressed below, and the record was not developed on the nature of the appellant's appointment. *Abdullah*, 113 M.S.P.R. 99, ¶¶ 9-14. This matter is distinguishable from *Abdullah* because, here, the appellant did not request a hearing, the parties had ample opportunity to develop the evidence in the record, and there are no factual matters in dispute the resolution of which could be the basis for determining Board jurisdiction over the probationary termination.

Because the record reflects that the appellant was appointed from a competitive list of eligibles in July 2018, he was required to serve a probationary period under 5 C.F.R. § 315.801(a)(1). We agree with the administrative judge that the appellant had not yet completed the probationary period for his July 2018 appointment when the agency terminated him in April 2019. Thus, the appellant was not an "employee" under the first prong of 5 U.S.C. § 7511(a)(1)(A).

The appellant was not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii).

Because it was not explicitly discussed in the initial decision, we supplement the administrative judge's analysis to find that the appellant was not an "employee" under the second prong of 5 U.S.C. § 7511(a)(1)(A). *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The appellant did not dispute that he had not yet completed 1 year of current continuous service for his July 2018 appointment when the agency terminated him. IAF, Tab 5 at 21-22, 24. He resigned from his CSR position in May 2017, more than one year before his July 2018 appointment. *Id.* at 20. The appellant's prior Federal civilian service does not count toward completion of the probationary period because there was a break in service of more than 30 days. 5 C.F.R. § 315.802(b)(3). Regarding the

appellant's assertion that he has 20 years of military service with an honorable discharge, PFR File, Tab 1 at 4; IAF, Tab 1 at 24-25, military service cannot be tacked onto Federal civilian service to satisfy the current continuous service requirement, *Wilder v. Merit Systems Protection Board*, 675 F.3d 1319, 1321-23 (Fed. Cir. 2012). Thus, the appellant was not an "employee" under the second prong of 5 U.S.C. § 7511(a)(1)(A).

Conclusion

Based on the foregoing, the administrative judge properly dismissed the appeal for lack of jurisdiction because the appellant was not an employee under 5 U.S.C. § 7511(a)(1)(A). We have considered the appellant's other arguments in his petition for review, but none warrant a different outcome. For example, the appellant's challenge to the merits of the agency's decision to terminate him provides no basis to disturb the initial decision. PFR File, Tab 1 at 4; *see Yakupzack v. Department of Agriculture*, 10 M.S.P.R. 180, 182 (1982) (stating that the Board's review of probationary terminations does not include a review of the merits of the termination action).

The appellant argues that the agency discriminated against him based on race, sex, and religion, retaliated against him for prior EEO activity, and committed prohibited personnel practices. PFR File, Tab 1 at 4-6. The Board lacks jurisdiction to hear these arguments in the absence of an otherwise appealable action. *See Cruz v. Department of the Navy*, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (holding that, absent an otherwise appealable action, the Board lacks jurisdiction to consider allegations of discrimination and retaliation); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (stating that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

Accordingly, we affirm the initial decision as modified herein.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.