UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

ANDREW P. AMAVISCA,
                    Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,
                    Agency.

DOCKET NUMBER
SF-315H-20-0500-I-1

DATE:  October 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew P. Amavisca, La Mirada, California, pro se.

Kathryn Price, Los Angeles Air Force Base, El Segundo, California,
    for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective August 20, 2018, the agency appointed the appellant to a GS-11 Contract Specialist position in the competitive service, subject to a 2-year probationary period.  Initial Appeal File (IAF), Tab 8 at 22-25.  On May 7, 2020, while the appellant was still serving his probationary period, the agency notified him that he would be terminated from his position, effective May 9, 2020, due to his failure to demonstrate an acceptable level of performance.  IAF, Tab 1 at 5, 9, Tab 8 at 20-21.  The appellant subsequently requested to resign and was allowed to do so effective May 12, 2020.  IAF, Tab 8 at 15-19.

The appellant filed an appeal with the Board challenging the termination. IAF, Tab 1 at 1-5.  He requested a hearing.  *Id*. at 2.  The administrative judge issued orders informing the appellant of his burden to establish Board jurisdiction over his alleged involuntary termination and ordered him to file evidence and argument nonfrivolously alleging that his appeal was within the Board's jurisdiction.  IAF, Tabs 3, 9. The agency moved to dismiss the appeal for lack of jurisdiction.  IAF, Tab 8, Subtab 1 at 6-11.  The appellant responded to the

administrative judge's orders and the agency's submissions, disputing that he had poor performance. IAF, Tab 6 at 4-5, Tab 10 at 4-7. He further argued that the agency did not follow its own policies when it issued the termination and that his resignation was coerced. IAF, Tab 10 at 7-10.

In an initial decision, the administrative judge dismissed the appeal without holding the requested hearing, finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction. IAF, Tab 14, Initial Decision (ID) at 4-7. The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proof on the issue of jurisdiction, and if he makes a nonfrivolous allegation that the Board has jurisdiction over an appeal, he is entitled to a hearing on the jurisdictional question. *Yiying v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007); 5 C.F.R. § 1201.56(b)(2)(i)(A). We agree with the administrative judge that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over the instant appeal.

At the time relevant to this appeal, individuals appointed to a permanent competitive-service position at the Department of Defense, including the Department of the Air Force, were subject to a 2-year probationary period and only qualified as an "employee" with chapter 75 appeal rights if they completed 2 years of current continuous service. 5 U.S.C. § 7511(a)(1)(A)(ii) (2018); 10 U.S.C. § 1599e(a), (b)(1)(A), (d) (repealed 2022); *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8 & n.2.[2] Here, it is undisputed that the appellant was

---

[2] At the time of the appellant's appointment to his competitive-service position in August 2018, an individual appointed to a permanent competitive-service position at the Department of Defense (DOD) was subject to a 2-year probationary period and only

terminated before completing 2 years of service. IAF, Tabs 1, 6, 8, 10, 12. The administrative judge found that the appellant had less than 2 years of Federal civilian service. ID at 5-6. The appellant does not dispute this finding on review, and we discern no basis to disturb it.

Prior military service cannot be tacked onto a period of Federal civilian service in order to meet the 2-year current continuous service requirement. *See Wilder v. Merit Systems Protection Board*, 675 F.3d 1319, 1322-23 (Fed. Cir. 2012) (reaching the same conclusion when the applicable service requirement was 1 year under 5 U.S.C. 711(a)(1)(A)(ii), relying on 5 C.F.R. § 752.402 (defining current continuous employment as "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday")); 5 C.F.R. § 315.802(b) (reflecting that"[p]rior civilian service . . . counts toward completion of probation" in the competitive service). While the appellant had over 3 years of prior military service, the administrative judge properly found that the appellant's prior military service could not be tacked on under 5 C.F.R. § 315.802(b). ID at 5. On review, the appellant identifies himself as a disabled veteran but does not dispute the administrative judge's determination that he is not entitled to tacking. PFR File, Tab 1 at 5. We discern no reason to disturb this finding.

A probationary employee in the competitive service may appeal to the Board under limited circumstances set forth at 5 C.F.R. § 315.806. *Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010). The Board has

---

qualified as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) (2018) and 10 U.S.C. § 1599e (2018) if he was not serving a probationary or trial period under an initial appointment, or if he had completed 2 years of current continuous service under other than a temporary appointment limited to 1 year or less. IAF, Tab 11 at 41; *see Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8. In December 2021, while this appeal was pending on petition for review, Congress repealed 10 U.S.C. § 1599e and the 2-year probationary period for such DOD appointments. *Bryant*, 2022 MSPB 1, ¶ 8. However, this repeal was made effective December 31, 2022, and only applied to individuals appointed on or after that date. 10 U.S.C. § 1599e note; *Bryant*, 2022 MSPB 1, ¶ 8. The repeal of 10 U.S.C. § 1599e does not affect the outcome of this appeal because the appellant was appointed in August 2018, before the effective date of the repeal.

jurisdiction over termination appeals under 5 C.F.R. § 315.806 in situations in which the agency's action was improperly based on partisan political reasons or marital status, or taken through improper procedures when the employee was terminated for reasons based in whole or in part on conditions arising prior to his appointment. *Henderson*, 114 M.S.P.R. 149, ¶ 9. The administrative judge found that the appellant made no allegation that his termination was based on pre-appointment or partisan political reasons or marital status, and the appellant likewise has made no such argument on review. ID at 6; PFR File, Tab 1 at 4-5; IAF, Tabs 1, 6, 12.

We have reviewed the appellant's remaining arguments and find that he has presented no basis for disturbing the findings of the administrative judge concerning his failure to make a nonfrivolous allegation of Board jurisdiction. The appellant does not challenge the administrative judge's jurisdictional findings, but instead, he raises arguments regarding the merits of the agency's termination decision. PFR File, Tab 1 at 4-5. Specifically, he appears to again dispute the agency's assessment that his performance was poor. PFR File, Tab 1 at 5. He also reasserts that he was coerced to resign in lieu of termination for poor performance. *Id*. The appellant's arguments as to the merits of his termination are immaterial to the jurisdictional issue before us. *Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 13 (2011). We agree with the administrative judge's finding that the Board has no jurisdiction to review the appellant's claim that his resignation was involuntary. ID at 6-7; *see Link v. Department of the Navy*, 3 M.S.P.R. 187, 189 (1980) (finding the appellants' alleged involuntary resignations during their probationary periods provided them with no greater right of appeal to the Board than they would have had if they had been terminated). Further, the administrative judge properly determined that, absent an otherwise appealable action, the Board lacks jurisdiction over claims that the agency committed harmful procedural error in effectuating the appellant's termination. ID at 7; PFR File, Tab 1 at 4-5; *see*

*Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 11 (2010) (finding that, because the Board had no jurisdiction over the probationary termination appeal, the Board also had no independent jurisdiction to adjudicate the appellant's discrimination and harmful error claims); *Wren v. Department of the Army,* 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

The appellant also submitted several documents for the Board's consideration on review, namely, a copy of Air Force Instruction 36-130, his termination memorandum, and performance appraisals for rating periods August 20, 2018, to March 31, 2019, and April 1, 2019, to March 31, 2020. PFR File, Tab 1 at 6-58. These documents provide no basis to disturb the initial decision. They are in the record below, and, in any event, none of the documents are material to the jurisdictional issue. IAF Tab 1 at 9-11, Tab 6 at 6-13, Tab 10 at 11-63; *see* 5 C.F.R. § 1201.115(d) (explaining that the Board may grant a petition for review if it contains new and material evidence); *see also Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (observing that evidence that is already a part of the record is not new).

Accordingly, for the reasons discussed above, we deny the appellant's petition for review and affirm the initial decision dismissing his probationary termination appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.